# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

|  |  |
|---|---|
| **CHEVY BOOK;** <br> **CHRISTIAN BOOK;** <br> **DARIUS T. GIPSON;** <br> **DAMIEN A. BARRIOS;** <br> **JAMES O. KING;** <br> **MELVIN LAVALL, SR**.; <br> **MELVIN LAVALL, JR.;** <br> **LARICIA LEDENT;** <br> **KARA BULLOCK;** <br> **KAREN PETTY;** <br> **BYRON RICHARDSON;** <br> **FREDERICK RICHARDSON;** <br> Plaintiffs <br><br> v. <br><br> **INDUSTRIAL SERVICES** <br> **GROUP, INC., d/b/a** <br> **UNIVERSAL BLASTCO, and;** <br><br> **BLUE RIDGE PAPER** <br> **PRODUCTS LLC d/b/a** <br> **EVERGREEN PACKAGING;** <br> Defendants. | **CIVIL ACTION NO. 1:23-CV-00004** <br><br> **CIVIL COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## <u>CIVIL ACTION COMPLAINT</u>

**PLAINTIFFS, CHEVY BOOK, CHRISTIAN BOOK, DARIUS T. GIPSON,**

**DAMIEN A. BARRIOS, JAMES KING, MELVIN LAVALL SR., MELVIN LAVALL JR.,**

1

**LARICIA LEDENT, BYRON RICHARDSON, FREDERICK RICHARDSON, KAREN PETTY and KARA BULLOCK,** by and through the undersigned counsel, hereby submit this Complaint against the above-named Defendants for compensatory and punitive damages and allege as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the parties pursuant to 28 USC §1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and all Plaintiffs and Defendants are citizens of different states.

2.      This Court has personal jurisdiction over the Defendants because Plaintiffs' claims arise from Defendants' conduct in:

(a)      Transacting business within this State;

(b)      Contracting to supply services or things in the State;

(c)      Commission of a tortious act in whole or in part in this State;

(d)      Having an interest in, using, or possessing real property in this State; and/or

(e)      Entering into a contract to be performed in whole or in part by either party in this State.

3. All of the named Defendants are foreign corporations whose substantial and/or systematic business in North Carolina caused injury to Plaintiffs in this State, which

2

subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute and the United States Constitution.

4. Pursuant to 28 USC §1391 (2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in this District.

## GENERAL ALLEGATIONS

## PARTIES

5. The Plaintiffs, **CHEVY BOOK, CHRISTIAN BOOK, DARIUS T. GIPSON, DAMIEN A. BARRIOS, JAMES KING, MELVIN LAVALL SR., MELVIN LAVALL JR., BYRON RICHARDSON, FREDERICK RICHARDSON, KAREN PETTY, and KARA BULLOCK**, are all citizens of Louisiana and Plaintiff Karen Petty was a resident of Arkansas at the time of the accident with the following physical mailing addresses:

CHEVY BOOK, 4485 Kelley Drive, Collinston, Louisiana 71229.

CHRISTIAN BOOK, 296 Oatis Road, Jonesville, Louisiana, 71343.

DARIUS T. GIPSON, 8811 Lloyd Barham Road, Mer Rouge, Louisiana, 71261.

DAMIEN A. BARRIOS, 110 Pin Oak Drive, West Monroe, Louisiana 71292.

JAMES KING, 1122 Leavell Avenue, Bastrop, Louisiana 71220.

MELVIN LAVALL SR., 3021 Zachary Avenue, Ruston, Louisiana 71220. MELVIN LAVALL JR., 625 Highland Avenue, Bastrop, Louisiana 71220.

3

LARICIA LEDENT, 9607 Medger Evers Drive, Mer Rouge, Louisiana71261

BYRON RICHARDSON, 119 Eastwood Street, Bastrop, Louisiana 71220.

FREDERICK RICHARDSON, 10606 Crescent Drive, Bastrop Louisiana 71220.

KARA BULLOCK, 4485 Kelley Drive, Collinston, Louisiana 71229.

KAREN PETTY, 405 West Pine Street, Warren, Arkansas 71671.

6. Defendant, **Industrial Services Group, INC., d/b/a Universal Blastco**, ("hereinafter, "Defendant Universal Blastco") is a South Carolina corporation, conducting business in North Carolina, with a registered office in North Carolina and upon whom service of process may be made on Corporation Service Company, 2626 Glenwood Ave., Suite 550 Raleigh, NC 27608.

7. Defendant, **Blue Ridge Paper Products LLC d/b/a Evergreen Packaging** (hereinafter, "Defendant Evergreen") is a Delaware limited liability company with its principal place of business in Tennessee, and upon whom service of process may be made on Corporation Service Company, 2626 Glenwood Ave., Suite 550 Raleigh, NC 27608.

8. Defendant **Universal Blastco**, is directly liable for any actions brought on behalf of the Plaintiffs, as it was its employees who were the cause of the fire.

9. Defendant **Evergreen**, is directly liable for any actions brought on behalf of the Plaintiffs.

10. Defendant **Universal Blastco,** employees were working with a "heat gun" that is not standard practice nor did the employees have the proper permits to work with heat.

4

## BACKGROUND FACTS

11. Plaintiffs bring these actions for monetary damages because of a fire that occurred on September 21, 2020, resulting in the death of two Rimcor employees, Curtis Elmer Butler Jr. and Brett Burgueno. At all times relevant to this action, Plaintiffs were employees of Rimcor.

12. Plaintiffs were working at Defendant Evergreen's Canton, North Carolina facility scaling and "blasting" the D2 Downflow tank/tower.

13. Defendant Evergreen hired Defendant Universal Blastco to work at the Canton, NC facility, including on September 21, 2020.

14. The D2 Downflow tank/tower is a 150-200 ft tank that is used to store "bleached" supplies, such as pulp, to make paper.



15. Defendant Universal Blastco's employees were, at the same time as Plaintiffs, working with resin and fiberglass in the Upflow tank/tower that was connected to the D2 Downflow tank.

16. Upon information and belief, Defendant Universal Blastco's employee Terry Godoy was using a "heat gun" to loosen the resin for the fiberglass to adhere to the side of the Upflow tank more easily. While using the "heat gun," Terry Godoy dropped the heat gun into a vat of resin. The resin ignited causing an immense fire and an enormous amount of smoke.

5

17. Rimcor employees, at the same time the fire broke out, were working in and around the connected D2 Downflow tank. As a result of the fire in the Upflow tank/tower, smoke rapidly filled the D2 Downflow tank/tower and the fire eventually spread to the D2 Downflow tank/tower. The fire was able to cross into the D2 Downflow tank because an access tunnel existed and connected the two tanks/towers. The smoke and flames spread so rapidly that within minutes the fire overtook Rimcor employees Curtis Butler and Brett Burgueno.

18. Curtis Butler and Brett Burgueno could not breathe because of the smoke, nor could they escape the tank and were ultimately burned to death.

19. The Plaintiffs were all at the scene of the fire, and each witnessed the tragic deaths of both Curtis Butler and Brett Burgueno. Plaintiffs Chevy Book and Christian Book were the stepchildren of Curtis Butler, and Plaintiff Damien Barrios was the stepson of Brett Burgueno. Each Plaintiff attempted to rescue Curtis Butler and Brett Burgueno but were unsuccessful, as the fire engulfed the two Rimcor employees and killed them within minutes.

20. Defendant Evergreen had rescue personnel on site that did not attempt to enter the D2 Downflow tank/tower until the fire was put out. The fire was so intense that flames could be seen coming out of the access tunnel, the bottom of both tanks/towers and also the top of both tanks/towers.

21. Each Plaintiff has suffered severe mental anguish and distress over the incidents of September 21, 2021.

22. At all times, herein, Defendant Evergreen had a non-delegable duty to monitor, supervise, inspect and ensure that operations on its property were being performed safely and in compliance with all applicable laws.

6

## FIRST CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – DEFENDANT

## UNIVERSAL BLASTCO

23. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

24. Defendant Universal Blastco, acting through its agents, servants, and/or employees owed a duty of care to Plaintiffs to conduct its business in compliance with applicable state law, rules and regulations and in a reasonably safe manner.

25. Specifically, Defendant Universal Blastco had a duty and owed a duty to Plaintiffs to exercise a degree of reasonable care in its fiberglass application to the interior of the D2 Upflow tower.

26. Defendant Universal Blastco's conduct through its agents, servants, and/ or employees was negligent in the following ways:

(a)   Use of open flames or other sources of ignition in the immediate vicinity of Category 3 flammable liquids that endangered all occupants of the confined space and in contiguous spaces making up the D2 Upflow and Downflow towers and crossover;

(b)   Using a heat gun to warm Derakane 510N epoxy vinyl ester resin, a Category 3 flammable liquid, with a flashpoint of 79°F while installing fiberglass matting to the interior of the D2 up flow tower and endangering all of the occupants of the confined space making up the D2 up flow tower and the D2 downflow tower;

(c)  Allowing the unsecured heat gun to fall into the abovementioned bucket of resin that resulted in a foreseeable and uncontrollable fire that killed Brett Burgueno and Curtis Butler;

7

(d) Dispensing into five-gallon plastic buckets the highly flammable Derakane 510N epoxy vinyl ester resin despite the high likelihood of fire and the buckets propensity to melt;

(e) Improper grounding;

(f) Lack of continuous and proper air monitoring at the D2 up flow tower;

(g) Failing to be aware of the presence of workers of another contractor working simultaneously within the same or adjacent confined space when installing, applying, reapplying, repairing, or maintaining the fiberglass matting on the interior surface of the D2 up flow tower;

(h) Failing to be aware of the particular risks the occupants of the D2 up flow tower created with its employees' simultaneous use of a heat gun to warm Derakane 510N epoxy vinyl ester resin, a Category 3 flammable liquid with a flashpoint of 79°F, while installing fiberglass matting to the interior of the deed to up flow tower;

(i) Failing to adequately assess the risk of harm;

(j) Failing to have hot work permits while using a heat gun in the presence of flammable liquids;

(k) Being unaware of the volatile chemical hazards within the confined space in which its employees were working;

(l) Failing to ensure adequate fire prevention measures both before and during the outbreak of the abovementioned fire;

(m) Failure to take precautionary measures to protect its own employees and employees of others during the workplace in normal operating conditions and in foreseeable emergencies;

8

(n)  Failure to properly and adequately communicate when circumstances demanded it;

(o)  Failure to properly respond to a fire of its own making; and

(p)  Failing to promptly warn Mr. Burgueno and Mr. Butler, as well as the other Rimcor employees to evacuate the D2 down flow tower where they were working, once the Universal Blastco employees knew that a fire had started.

27. Defendant Universal Blastco knew or should have known that its unsafe operations would reasonably result in harm to others.

28. It was reasonably foreseeable that the Defendant Universal Blastco's conduct would cause the severe emotional distress suffered by Plaintiffs.

29. It was reasonably foreseeable that the Defendant Universal Blastco's conduct would cause the severe emotional distress suffered by Plaintiffs because the employees of Defendant Universal Blastco worked in close proximity to all Plaintiffs. Defendant could easily observe that Plaintiffs knew one another and the deceased and that witnessing the death of a known person is objectively traumatic.

30. Plaintiffs were in close proximity to the negligent acts of Defendant.

31. Plaintiffs were the family members and long-time friends and co-workers of the deceased who were killed by fire and smoke inhalation.

32. As a direct and proximate result of the aforesaid negligent acts of Defendant Universal Blastco, Plaintiffs have suffered severe emotional stress that no reasonable person could be expected to endure.

33. Plaintiffs have suffered severe emotional distress that manifests itself in the following ways: anxiety, nightmares, irrational fear of smoke and fire as well as inappropriate thoughts and feelings, and other ways which will be shown at trial

9

## SECOND CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS –

## DEFENDANT EVERGREEN

34. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

35. Defendant Evergreen had a non-delegable duty to ensure that its hired contractor, Defendant Universal Blastco, operated on its premises in a safe and reasonable manner.

36. Defendant Evergreen breached this duty by failing to inspect the worksite and supervise Defendant Universal Blastco's workers.

37. Defendant Evergreen is vicariously liable for the negligent conduct of Defendant Universal Blastco.

38. As a direct and proximate result of the aforesaid negligent acts of Defendant Evergreen, Plaintiffs have suffered severe emotional stress that no reasonable person could be expected to endure.

39. Plaintiffs have suffered severe emotional distress that manifests itself in the following ways: anxiety, nightmares, irrational fear of smoke and fire as well as inappropriate thoughts and feelings, and other ways which will be shown at trial.

## DAMAGES

40. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

41. As a result of the Plaintiffs all witnessing the deaths of Curtis Butler and Brett Burgueno, each plaintiff suffers from extreme mental anguish that includes, anxiety, nightmares,

10

irrational fear of smoke and fire as well as inappropriate thoughts and feelings.

42. Plaintiffs are all in counseling to help deal with the untimely and tragic death of their coworkers, friends, and families.

43. Plaintiffs verily believe that their injuries are recurrent in nature and that they will be forced to suffer the same for the foreseeable future; that their enjoyment of life has been greatly impaired.

44. Plaintiffs allege that because of the aforesaid illnesses, they have been forced to incur large amounts of medical expenses by way of counseling and they verily believe that they will be forced to incur additional expenses in an effort to treat their illnesses as aforesaid alleged.

WHEREFORE, the Plaintiffs verily believe they are entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury of all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court:

A.      Award the Plaintiffs compensatory damages, in an amount to be determined at trial and hold the Defendants joint and severally liable;

B.      Award the Plaintiffs pre-judgment and post-judgment interest and any other costs, expenses or fees to which the Plaintiffs may be entitled by law; and

11

C.      Award the Plaintiffs such other and further relief as is just and proper.

**A JURY IS RESPECTFULLY DEMANDED TO TRY THESE ISSUES.**

This 6th day of January, 2022.

Respectfully submitted,

/s/ Gabriel Snyder
Gabriel Snyder NC State Bar 52406
Emily J. Beeson NC State Bar 47567
Attorneys for Plaintiffs
Ward Black Law
208 W. Wendover Ave.
Greensboro, NC 27401
Tel: 336-333-2244
Facsimile: 336-510-2169
gsnyder@wardblacklaw.com
ebeeson@wardblacklaw.com

Jeffrey L. Oakes NC State Bar 24448
Attorney for Plaintiffs
Brice Jones and Associates, LLC
61025 Highway 1091
Slidell, Louisiana 70458
Tel: (985) 643-2413
Jeffrey@bricejoneslaw.net

OF COUNSEL:
Joseph Gaar
To Be Admitted (*Pro Hac Vice*)
114 Representative Row
Lafayette, Louisiana 70508
Tel: (337) 233-3185
Fax No. (337) 233-0690
joseph@gaarlaw.com
Paul D. Hesse
To Be Admitted (*Pro Hac Vice*) Brice Jones & Associates
61025 Highway 1091
Slidell, Louisiana 70458
Tel: (985) 643-2413
paul@bricejoneslaw.net