IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00004-MR-WCM

| | |
|---|---|
| CHEVY BOOK; ) <br> CHRISTIAN BOOK; ) <br> DARIUS T. GIPSON; ) <br> DAMIEN A. BARRIOS; ) <br> JAMES O. KING; ) <br> MELVIN LAVALL, SR.; ) <br> MELVIN LAVALL, JR.; ) <br> LARICIA LEDENT; ) <br> KARA BULLOCK; ) <br> KAREN PETTY; ) <br> BYRON RICHARDSON; and ) <br> FREDERICK RICHARDSON, ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> INDUSTRIAL SERVICES GROUP, INC. ) <br> *doing business as* ) <br> *Universal Blastco;* and ) <br> BLUE RIDGE PAPER PRODUCTS LLC ) <br> *doing business as* ) <br> *Evergreen Packaging,* ) <br> ) <br> Defendants. ) <br> ) | ORDER |

Before the Court are the following motions:

(1) A Motion to Seal filed by Defendant Blue Ridge Paper Products, LLC d/b/a Evergreen Packaging LLC ("Evergreen's Motion to Seal," Doc. 27).

(2) Plaintiffs' Consent Motion to Seal ("Plaintiffs' First Motion to Seal," Doc. 39).

(3) Plaintiffs' Consent Motion to Seal ("Plaintiffs' Second Motion to Seal," Doc. 40).

(4) A Motion to Seal filed by Industrial Services Group, Inc. d/b/a Universal Blastco ("Blastco's Motion to Seal," Doc. 42).

The time for responding to each Motion has passed, and no objections have been filed.

## I. Legal Standard

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). To support sealing, a party must set forth, among other things: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority. LCvR 6.1(c).

2

## II. Discussion

### A. Evergreen's Motion to Seal

Evergreen requests that a Confidential Release and Settlement Agreement (the "Burgueno Settlement Agreement," Doc. 29) entered in connection with a related matter, <u>Nicole Burgueno, administrator of the Estate of Brett Burgueno, and Shannon Butler, administrator of the State of Curtis Butler v. Industrial Services Group, Inc., d/b/a/ Universal Blastco, and Blue Ridge Paper Products LLC d/b/a Evergreen Packaging</u>, United States District Court for the Western District of North Carolina, 1:22-cv-196 (the "Related Case") be permanently sealed.

Evergreen asserts that the "settling parties to the Burgueno Settlement Agreement included Nicole Burgueno, administrator of the Estate of Brett Burgueno and all other persons, personal representatives, heirs, assignees, firms or corporations who might claim through Nicole Burgueno, as administrator of the Estate of Brett Burgueno, Edmund J. Burgueno, III, Barbara Burgueno, Gina C. Cole, and Damian Barrios," Doc. 28 at 3, and that because Plaintiffs in this matter (other than Plaintiff Barrios) were not parties to the Burgueno Settlement Agreement, the Burgueno Settlement Agreement should be filed as a restricted document accessible to the Court and counsel for Industrial Services Group, Inc. (which was also a party to the Burgueno Settlement Agreement).

3

Evergreen's Motion to Seal has been pending since April 18, 2023, and no third party has indicated an opposition to the sealing request. Further, all parties in this action, as well as plaintiffs' counsel in the Related Case, consent to Evergreen's Motion to Seal. See Docs. 28, 33.

The undersigned concludes, based on the information before the Court at this time, that Evergreen has made a sufficient showing and that the Motion should be allowed. This ruling, however, may be subject to further consideration by the District Court, or upon a subsequent motion to unseal the subject document.

### B. Plaintiffs' Motions to Seal

On May 2, 2023, Plaintiffs filed their opposition ("Opposition") to the motions to dismiss. Doc. 36. Plaintiffs' Opposition, as well as the exhibits attached to it, was filed on the public docket and without redactions at that time.

On May 10, 2023, Plaintiffs filed their First Motion to Seal, which seeks to "retroactively seal" Plaintiffs' Opposition and exhibits "because they contain references to confidential information and were inadvertently filed prior to redactions being made." Doc. 39 at 1. Plaintiffs additionally request that the public versions of these documents "be replaced with the sealed versions and that the redacted versions of those documents being filed on this date be substituted in their place." Id. Plaintiffs represent that Defendants consent to

4

this request.

On May 17, 2023, Plaintiffs filed their Second Motion to Seal, seeking to "retroactively seal" documents that were attached to the First Motion to Seal, again asserting that these documents "contain references to confidential information and were inadvertently filed prior to redactions being made." Plaintiffs additionally request a similar substitution of redacted versions of these documents for the public versions. Id. Plaintiffs represent that Defendants consent to this request.

Plaintiffs' First and Second Motions to Seal deal with the redaction and sealing of Plaintiff's Opposition and related Affidavits. These documents now appear at multiple places on the docket. Specifically,

- Plaintiffs' Opposition appears as Doc. 36 (unredacted and provisionally sealed), Doc. 39-1 (unredacted and provisionally sealed), 39-4 (redacted), and Doc. 40-1 (redacted);

- The Affidavits of Edmund J. Burgueno III and Barbara Burgueno appear as Doc. 36-1 (unredacted and provisionally sealed), and 39-2 (unredacted and provisionally sealed); and,

- The Affidavit of Jeffrey L. Oakes appears as Doc. 36-2 (unredacted and provisionally sealed), 39-3 (unredacted and provisionally sealed), 39-5 (redacted), and Doc. 40-2 (redacted).

The undersigned is not persuaded that the entirety of Plaintiffs' Opposition must be sealed. Further, the proposed redactions of the Opposition are unnecessarily extensive.

With respect to the Affidavits of Edmund and Barbara Burgueno,

Plaintiffs apparently move to file these documents under seal and without any redactions. Plaintiffs do not, however, explain why the sealing of these documents in their entirety is appropriate.

Finally, with respect to the Affidavit of Jeffrey Oakes, that document sets forth information regarding the mediation of the Related Case. Given the nature of Mr. Oakes' statements, the undersigned is persuaded that this Affidavit should be filed under seal and that the proposed redactions are appropriate.

### C. Blastco's Motion to Seal

Blastco seeks to seal a February 24, 2022 demand letter (the "Demand Letter," Doc. 43) that was sent in advance of a mediation that addressed the Related Case, the claims in this matter, and a lawsuit filed by Evergreen for alleged property damage. Blastco seeks to file, under seal, a version of the Demand Letter that redacts the portions that are "not necessary for the arguments made" in its reply brief.

Blastco does not set forth the position of Evergreen or of Plaintiffs with respect to its sealing request, nor does Blastco state the position of Paul Hesse, the attorney who signed the Demand Letter and who apparently practices law with Mr. Oakes. However, as noted above, the time period for filing a response to Blastco's Motion to Seal has run, and no opposition has been filed.

Given the nature of the Demand Letter, the undersigned agrees that

sealing is appropriate.

**IT IS THEREFORE ORDERED THAT:**

1. Evergreen's Motion to Seal (Doc. 27) is **GRANTED**, and the Confidential Release and Settlement Agreement (Doc. 29) shall be **SEALED** as a restricted document accessible to the Court, counsel for Blue Ridge Paper Products LLC *doing business as* Evergreen Packaging, and counsel for Industrial Services Group, Inc. *doing business as* Universal Blastco.

2. Plaintiffs' First Motion to Seal (Doc. 39) and Second Motion to Seal (Doc. 40) are **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. With respect to Plaintiffs' Opposition:

    i. Doc. 36 is **SEALED** until further Order of the Court.

    ii. On or before **June 27, 2023,** Plaintiffs **SHALL FILE** a redacted version of Plaintiffs' Opposition, which will appear on the public docket.

    iii. The Clerk is respectfully directed to **STRIKE** the additional copies of the Opposition:

    1. Doc. 39-1 (additional unredacted copy);
    2. Doc. 39-4 (proposed redacted copy); and
    3. Doc. 40-1 (additional proposed redacted copy).

    b. With respect to the Affidavits of Edmund and Barbara

7

Burgueno, the Clerk is respectfully directed to **UNSEAL** Doc. 36-1.

   i. The Clerk is respectfully directed to **STRIKE** Doc. 39-2 (additional unredacted copies).

  c. With respect to the Affidavit of Jeffrey Oakes,

   i. Doc. 36-2 is **SEALED** until further Order of the Court and Doc. 39-5 (a redacted copy of Mr. Oakes' Affidavit) is noted.

   ii. The Clerk is respectfully directed to **STRIKE** the additional copies of this Affidavit:

   1. Doc. 39-3 (an additional unredacted copy) and
   2. Doc. 40-2 (an additional redacted copy).

3. Blastco's Motion to Seal (Doc. 42) is **GRANTED**. On or before **June 27 2023**, Blastco **SHALL FILE** a redacted version of the Demand Letter, which will appear on the public docket.

Signed: June 20, 2023

W. Carleton Metcalf
United States Magistrate Judge